# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RODNEY BABBS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15-cv-0194-DGK |
| ) | |
| BRYAN BLOCK, ) | |
| ) | |
| Defendant. ) | |

## ORDER REGARDING DISCOVERY DISPUTE

This lawsuit arises from a shooting outside of a nightclub. Plaintiff Rodney Babbs, Jr. ("Babbs"), a bouncer at the club, ejected Defendant Bryan Block ("Defendant"), an off-duty police officer, from the premises. Shortly afterwards, a scuffle occurred outside the club during which Defendant shot Babbs.

Now before the Court is Plaintiff's Motion to Compel Discovery of Defendant Block's Psychological Records (Doc. 120). For the following reasons, the Court orders Defendant to provide a detailed privilege log to Babbs and then for the parties to confer in accordance with Rule 37.1. The motion is DENIED WITHOUT PREJUDICE.

### Background

The shooting at issue occurred on March 4, 2011, outside of Club 6902, in Kansas City, Missouri. Police officers from the Kansas City, Missouri, Police Department ("KCPD") immediately arrested Defendant after the shooting. At the time of the shooting, Defendant was undergoing a divorce and employed by the Kansas City, Kansas, police department.

On June 29, 2012, Defendant pled guilty in the Circuit Court of Jackson County, Missouri, to one count of unlawful use of a weapon. During the plea colloquy, Defendant

admitted that on March 4, 2011, he was intoxicated while in possession of a loaded firearm and that he handled the gun in a negligent manner. Also, Defendant denied ever being treated for any mental disease or mental illness.

During discovery, Babb attempted to explore whether Defendant was, in fact, being treated for any mental disease or illness at the time of the shooting. His First Interrogatories to Defendant asked,

> 5. Have you ever been [sic] suffered from, been diagnosed with, been treated for or sought treatment for any mental disorders, substance abuse, depression, mental diseases, post-traumatic stress disorder (PTSD), psychological or psychiatric conditions? If yes, please provide the name, address and phone number of any person, counselor, medical professional, medical group, and/or any other person or entity that diagnosed, treated, reviewed and/or counseled you with regard to the conditions mentioned above. Also please provide the dates of diagnosis or treatment for any of the conditions mentioned above.

Doc. 120-2 at 3. On December 11, 2015, Defendant answered:

> Objection, Defendant has not placed his medical condition in issue in this case, and further, confidential communications between a licensed psychotherapist and her or his patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. See *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S. Ct. 1923 (U.S. 1996).

*Id.*

Similarly, Babbs' First Request for Production of Documents ("the RFP"), sought

> 33. Medical records from any physician, counselor, therapist, etc. who treated you for any mental disorders including but not limited to, substance abuse, depression, mental diseases, post-traumatic stress disorder (PTSD), psychological or psychiatric conditions you have been diagnosed with or treated. Please sign the attached authorization to release medical records related to the above mentioned conditions.

2

Doc. 120-1 at 10. It also requested,

> 43. A privilege log for all documents that are responsive to plaintiff's discovery requests that are being claimed are [as] privileged by defendant.

*Id.* at 13.

Defendant answered the RFP on December 15, 2015. With respect to RFP 33, Defendant answered,

> Objection, Defendant has not placed his medical condition in issue in this case, and further confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. See *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S. Ct. 1923 (U.S. 1996).

*Id.* at 10. With respect to the request for a privilege log, Defendant answered:

> Objection: In the aggregate, Plaintiff's Requests for Production of Documents exceed the scope of discovery as defined by F. R. Civ. P. 26(b)(2)(C), Rule 26(b)(30, Rule 26(b)(4). As such, Plaintiff's request for a privilege log is overbroad and seeks disclosure of protected mental impressions of counsel and appears intended to harass and annoy defendant and place an undue burden on defendant. Therefore, Defendant objects to the production of a privilege log unless and until the scope of the discovery requests of Plaintiff are properly limited, either by agreement or by order of the court.

*Id.* at 13. Defendant never provided a privilege log to Babbs. And during his April 5, 2016, deposition, Defendant denied seeking any counseling while going through his divorce.

Information subsequently unearthed called this answer into question. On June 10, 2016, Babbs' attorney received records from the KCPD related to Defendant's arrest and booking. One of these records is a computer screen shot of what appears to be a corrective entry on a KCPD arrest information form. The entry was made on May 2, 2011; the "Remarks" section

3

states "meds for depression and sleep." Also, during a deposition of Defendant's friend Darrell Calhoun on September 27, 2016, Mr. Calhoun testified that he believed Defendant spent two or three days at Two Rivers, a psychiatric hospital, while the divorce was ongoing, but he did not have direct, first-hand knowledge of this fact.

On December 27, 2016, Defendant served his Answers and Objections to Plaintiff's First Request for Admission (Doc. 120-9). He declined to answer twelve questions[1] exploring whether he had received mental health treatment in 2011 on the grounds that the answers were protected by the psychotherapist-patient privilege.

**Standard**

Although federal law does not recognize a physician-patient privilege, it does recognize a psychotherapist-patient privilege for communications made to psychiatrists, psychologists, and clinical social workers. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). Missouri law recognizes a broader privilege, covering any information given to a physician, chiropractor, psychologist, or dentist necessary to prescribe and provide treatment. Mo. Rev. Stat. § 491.060. Missouri

---

[1] These questions were:

4. Admit that you were suffering from depression in March 2011.
5. Admit that you were on medication for depression and sleep during the 2011 calendar year.
6. Admit that on May 2, 2011, you advised the Kansas City, Missouri Police Department (or its employees) that you were taking medication for depression and sleep.
7. Admit that you have received medical treatment for depression during the 2011 calendar year.
8. Admit that you have received medical treatment for sleep during the 2011 calendar year.
9. Admit that you treated with a mental health professional during the 2011 calendar year.
10. Admit that you received medical treatment at a mental health facility during the 2011 calendar year.
11. Admit that you have seen a psychologist or psychiatrist.
12. Admit that you saw a psychiatrist in June 2004.
13. Admit that you saw a psychiatrist during the 2011 calendar year.
14. Admit that you saw a psychologist during the 2011 calendar year.
15. Admit that you were a patient at Two Rivers Psychiatric Hospital during the 2011 calendar year.
16. Admit that you received medical treatment from Two Rivers Psychiatric during the 2011 calendar year.

caselaw extends this physician-patient privilege "to medical records and all aspects of discovery." *State ex rel. Stinson v. House*, 316 S.W.3d 915, 918 (2010).

Because the Court is hearing this case pursuant to its diversity jurisdiction,[2] to the extent there is any conflict or difference between state and federal law concerning the existence and scope of the physician-patient privilege, Missouri law controls. Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); *see In re Nat'l Hockey League Players' Concussion Injury Litig.*, 120 F. Supp. 3d 942, 953 (D. Minn. 2015). Under both Missouri and federal law, as the party seeking to invoke the privilege, Defendant bears the burden of establishing it. *See State v. Henderson*, 824 S.W.2d 445, 450 (Mo. Ct. App. 1991); *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 925 (8th Cir. 1997).

The Rules of Federal Procedure govern what a party seeking to shield material from discovery on the basis of privilege must do. Rule 26(b)(5)(A) provides that,

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party *must*:
>
> (i) expressly make the claim; *and*
>
> (ii) *describe the nature of the documents, communications, or tangible things not produced or disclosed*—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

(Emphasis added).

---

[2] Plaintiff has brought only state tort claims, no federal civil rights claims.

**Discussion**

Although the Court will ordinarily entertain a motion to compel only after holding a Rule 37.1 teleconference with the parties,[3] because the parties began briefing this issue while it was assigned to the Honorable Howard Sachs, Senior Judge of the Western District of Missouri,[4] the Court will rule on the existing record.

Plaintiff contends Defendant's psychiatric/psychological records are discoverable because: (1) they are not privileged, and they are otherwise relevant, material, and discoverable; (2) Defendant's ability to perceive, observe, and recount the events at issue is crucial to this case because Defendant has already admitted to being intoxicated that night and anti-depressant medication might have magnified the alcohol's effect; (3) Defendant has asserted an affirmative defense of self-defense; (4) if any privilege existed, Defendant waived it; and (5) Defendant has given false testimony about the fact of his mental health treatment. Babbs argues that even if the privilege does apply, Defendant has not complied with discovery by producing non-privileged information regarding any psychological or psychiatric treatment he received. Finally, Babbs notes Defendant violated Rule 26(b)(5)(A) by failing to produce a privilege log for any withheld medical records. Babbs requests the Court compel Defendant to produce certain mental health records and give more complete discovery responses.

In response, Defendant argues that he has not put his medical records at issue, and that any medical records are protected from compelled disclosure under both federal and Missouri

---

[3] Local Rule 37.1(a) states the court will not entertain any discovery motions unless moving counsel confers with opposing counsel about the matter by telephone, certifies compliance with this rule, and then the parties hold a teleconference with the court.

[4] This case was initially assigned to the Honorable Howard Sachs, Senior Judge of the Western District of Missouri, and recently reassigned to the undersigned judge.

law. He contends he has consistently asserted his privilege against disclosure by making appropriate objections. He also asserts such records are not relevant.

The Court holds information about Defendant's mental health on and before the date of the shooting is discoverable if not privileged. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable, information need only "appear" to be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Since Defendant is asserting self-defense, he will likely testify at trial about the events of that evening. Thus his ability to perceive, observe, and recount these events is relevant and discoverable.[5] Thus, any mental health treatment he received from March 4, 2010, to March 4, 2011, is relevant, as are any records or other evidence pertaining to medicine he may have taken in the days prior to the shooting. But mental health or treatment records made after the night of the shooting are not relevant to any claim or defense and so are not discoverable.

The Court now turns to whether this information is protected under the physician-patient privilege. The threshold question is not whether the privilege applies, but did Defendant properly invoke it. Under both Missouri and federal law, the psychotherapist-patient privilege is not self-executing; the patient must invoke it. *See State v. Evans*, 802 S.W.2d 507, 511 (Mo. 1991) (noting it is the patient's right to assert the privilege; it is not automatically asserted); *In re Nat'l Hockey League*, 120 F. Supp. at 953-54 (discussing who has standing to invoke the privilege).

---

[5] The Court emphasizes that information about Defendant's mental health is relevant and discoverable only insofar as it goes to Defendant's ability to perceive, observe, and recount events. The Court rejects Babb's claim that Defendant's mental health is relevant to whether the Defendant acted reasonably in shooting him. The reasonableness of Defendant's shooting Babbs is *not* judged under a subjective standard based on Defendant's state of mind, under which Defendant's use of anti-depressant medication might be relevant. Under Missouri law, whether someone reasonably believes the use of lethal force is reasonably necessary to defend himself is an objective test, based on what an ordinary reasonable and prudent person would have believed and how he would have reacted. *Hendrix v. State*, 369 S.W.3d 93, 98-99 (Mo. Ct. App. 2012).

7

To invoke the privilege in a federal civil case, a litigant must not only expressly make the claim, he must also "describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that . . . will enable other parties to assess the [privilege] claim," that is, he must provide a privilege log. Fed. R. Civ. P. 26(b)(5)(A); *see Rabushka v. Crane Co.*, 122 F.3d 559, 565 (8th Cir. 1997) (holding a party asserting a privilege met its burden "when it produced a detailed privilege log stating the basis of the claimed privilege for each document in question."). This requirement is consistent Rule 26(b)(5)(A)'s purpose, which is to "provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection," and to enable a reviewing judge to determine whether the information is properly claimed as privileged. Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment; *see Chevron Corp v. Weinberg Grp.*, 286 F.R.D. 95, 98 (D.D.C. 2012) (noting it also assists the judge). Unfortunately, Defendant did not provide a privilege log when he served his responses to Babb's First RFP, nor has he done so in the sixteen months since then.

The question now becomes whether Defendant's failure to provide a privilege log precludes him from asserting the privilege. A party's delay or outright failure to provide a privilege log can waive the privilege, but does not waive it automatically. *See Isham v. Booneville Cmty. Hosp.*, No. 2:14-CV-02018, 2015 WL 11117159, at *3 (W.D. Ark. Apr. 23, 2015) (surveying different approaches and holding a party's delay or failure to provide a privilege log does not automatically waive the privilege); *Honeywell Intern. Inc. v. Furuno Elec. Co.*, No. 9-cv-3601 (MJD/TNL), 2013 WL 2385224, at *2-3 (D. Minn. May 30, 2013) (denying a motion to compel without prejudice, noting that while the offending party clearly violated Rule 26(b)(5)(A) by not providing a privilege log, it had begun a "rolling production" of its privilege

log); Fed. R. Civ. P. 26(b)(5) advisory committee's note to 1993 amendment ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection."); *see also United States v. Phillip Morris Inc.*, 347 F.3d 951, 953 (D.C. Cir. 2003) ("Waiver of a privilege objection is not automatic, particularly if the party reasonably believed that its objections applied to the document," because waiver is a serious sanction reserved "for cases of unjustified delay, inexcusable conduct, and bad faith.").

Where a party has made what appears to be a legitimate invocation of a privilege, but failed to provide a privilege log in a timely fashion, the court typically orders the party to produce one. *See*, *e.g.*, *Honeywell Intern. Inc.*, 2013 WL 2385224, at *2-3. The present case is unusual though in that Defendant has failed to produce a privilege log for sixteen months, despite the fact that preparing it would not be particularly onerous and the opposing party asked for it. While Defendant's failure to provide one seems unjustified, the Court will not impose sanctions at the present time. Instead, the Court orders Defendant to provide a privilege log that fully complies with Rule 26(b)(5) on or before May 15, 2017.[6] After Defendant produces this log, the parties shall meet and confer to attempt to resolve their differences in accordance with Local Rule 37.1.

The Court is hopeful the parties will be able to resolve their differences without further intervention from the Court. If they cannot, they should schedule a Local Rule 37.1 discovery dispute teleconference.

The motion (Doc. 120) is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

---

[6] Defendant's log should be as detailed as reasonably possible so Plaintiff's counsel can determine whether the privilege is applicable; Defendant will not have a third opportunity to comply with the rule.

Date: May 1, 2017                                      /s/ Greg Kays
                                                       GREG KAYS, CHIEF JUDGE
                                                       UNITED STATES DISTRICT COURT